UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INNS WORLDWIDE, INC.,** **Plaintiff,** v. **PRAMUKH HOSPITALITY, LLC, et al.,** **Defendants.** | Civ. No. 16-00319 (WJM) OPINION |

Plaintiff Days Inns Worldwide Inc. ("DIW") brings the instant unopposed motion for default judgment against Defendants Pramukh Hospitality, LLC, Mahendra Patel, and Atul Patel ("Defendants") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, DIW's motion is **GRANTED**.

I.   BACKGROUND

On March 13, 2012 DIW entered into a franchise agreement ("Franchise Agreement") with the Defendants to operate a 41 room-Days Inn in Delta, Colorado. (Compl., ECF No. 1, ¶ 10.) Defendants personally guaranteed the agreement. (*See id.* ¶ 18-19.) In accordance with the Franchise Agreement, Defendants were required to make certain periodic payments to DIW, which included interest if past due. (*Id.* ¶ 12-13.) On March 29, 2013 the Defendants lost possession of the facility to a third party. (*Id.* ¶ 21.) The same day, DIW sent letters to the Defendants informing them that the Franchise Agreement had been violated and that they were required to provide all outstanding payments. (*Id.* ¶ 22.) Upon Defendants failing to do so, DIW commenced the instant action seeking payment of the outstanding fees in the amount of $78,776.29, which includes interest at a rate of 1.5% per month as delineated in the Franchise Agreement. (*See id.* ¶ 40; Aff. Suzanne Fenimore Supp. Mot. Final J. by Default ("Fenimore Aff."), ECF No. 8-3, ¶ 18.)

DIW commenced this action on January 19, 2016. (ECF No. 1.) The complaint was served on February 15, 2016. (ECF No. 5.) Accordingly, the time for Defendants to respond to the Complaint expired on March 7, 2016. (*Id.*)

1

Defendants have failed to answer or respond to the Complaint to date. The Clerk entered Default against the Defendants on April 13, 2016, which was served upon Defendants. (ECF No. 8; Certification of Bryan P. Couch, ECF No. 8-2, ¶ 10.) DIW then filed the instant motion for default judgment on April 20, 2016.

## II. DISCUSSION

The mere fact of default does not entitle Plaintiff to judgment. To enter default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See Chanel Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Although the facts plead in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Court finds that based on the facts set forth by DIW default judgment should be entered. DIW has put forth a valid cause of action based on a breach of the Franchise Agreement. *See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11–896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (stating that to establish a breach of contract claim, a plaintiff has the burden of showing: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.") Accordingly, since there is sufficient evidence on the record that Defendants entered into and breached the Franchise Agreement, the Court finds that there is no basis for Defendants to claim a meritorious defense. Additionally, the Court finds that Plaintiff has been prejudiced by Defendants' failure to respond, because it has been prevented from moving forward with its case and receiving the requested relief. Lastly, where a defendant has failed to respond, this failure "evinces [a defendant's] culpability in its default." *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011).

As to damages, DIW has submitted sufficient evidence to support its request for damages totaling $78,776.29. (*See* Fenimore Aff., Ex. D.)

## III.    CONCLUSION

For the above reasons, Plaintiff's motion for default judgment is **GRANTED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  June 15, 2016.**